1
2
3
4
5
6       IN THE UNITED STATES DISTRICT COURT
7
8       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   BANKS.COM, INC.,
11                Plaintiff,                          No. C 09-06039 WHA
12        v.
13   ANDREW KEERY, an individual,              **ORDER GRANTING IN**
     ROBERT HOULT, an individual, DALE        **PART AND DENYING**
14   GIESSMAN, an individual,                  **IN PART DEFENDANTS'**
     MOXIESEARCH.COM, an entity form          **MOTIONS TO DISMISS**
15   unknown, PROSTREAMMEDIA.COM,
     INC., an entity form unknown, and DOES
16   1 through 50, inclusive,
17                Defendants.
18   _____/
19                         **INTRODUCTION**
20        In this contract case, defendants move to dismiss the complaint.  It asserts the following
21   claims against all defendants, except defendant Keery:  (1) breach of contract; (2) breach of
22   fiduciary duty and duty of loyalty; (3) violation of the California Uniform Trade Secrets Act;
23   (4) trade dress infringement; (5) violation of the California Unfair Competition Law; and
24   (6) declaratory relief.  The declaratory relief claim is the only claim asserted against defendant
25   Keery.  For the reasons stated below, the motions to dismiss are **GRANTED IN PART AND DENIED**
26   **IN PART.**
27
28

**STATEMENT**

This action involves alleged unlawful conduct that arose from defendant Andrew Keery's and defendant Robert Hoult's employment with plaintiff. The complaint alleges the following facts which are accepted as true for the purposes of this order.

Plaintiff is a corporation organized and existing under the laws of Florida and is in the business of internet media and advertising. Subsequent to a merger, defendants Keery and Hoult were employed as corporate officers by plaintiff. In conjunction with their employment, defendants Keery and Hoult each signed an employment agreement, a noncompete agreement, and an invention assignment agreement. The agreements obligated defendants Keery and Hoult to keep plaintiff's confidential, proprietary, and trade-secret information confidential, to refrain from using such information in competition with plaintiff, and to avoid conflicts of interest. On May 30, 2008, defendant Hoult terminated his employment with plaintiff.

The heart of plaintiff's complaint relates to a series of events allegedly carried out by defendants Keery and Hoult before and after their employment. The events alleged are as follows.

On November 8, 2007, plaintiff entered into a search-distribution contract with an internet-advertising provider. Defendant Hoult negotiated the contract. In January of 2008, MoxieSearch.com, a domain name, became active under a contract with the same internet-advertising provider. Plaintiff alleges that the organization, construction, and appearance of MoxieSearch.com was very similar to a number of plaintiff's websites. According to plaintiff, the "Terms of Service" and "Privacy Policies" of MoxieSearch.com were "identical" to those that appeared on plaintiff's websites. The registration information of MoxieSearch.com was privacy protected, and plaintiff was unable to identify the person(s) responsible for creating and maintaining the website.

The complaint also alleges that on February 9, 2009, defendant Keery registered ProStreammedia.com, a domain name. The next day, Winestore.com, a domain name, was registered under defendant Dale Giessman's name. The e-mail address used in the first registration was houltr@gmail.com, defendant Hoult's personal e-mail address. On February 11,

the e-mail address provided in Winestore.com's registration was changed from houltr@gmail.com to dale@moxiesearch.com. From September 11 to about September 20, Winestore.com stated, in pertinent part, "Winestore.com is owned and operated by ProStreammedia.com. Check out our other sites and our publisher solutions at www.prostreammedia.com."

Aside from these events, plaintiff alleges that since October 2007, defendants Keery and Hoult have sold and continue to sell a substantial amount of plaintiff's common stock in private and open-market transactions. This has allegedly caused a "precipitous and artificial decline" in the price of the stock. Plaintiff alleges that defendants Keery and Hoult transferred and or sold plaintiff's stock while they were "improperly competing" with plaintiff in an effort to "engender destabilization" of plaintiff. The complaint also alleges that in late 2008 defendants Keery and Hoult "improperly threatened to oust Plaintiff's Board and CEO by, among other things, improperly contacting shareholders in violation of the proxy rules pursuant to the Securities Exchange Act of 1934."

On November 5, 2009, plaintiff commenced this action in San Francisco Superior Court against defendants Hoult, Geissman, MoxieSearch.com, and ProStreammedia.com, Inc. On November 24, plaintiff filed a first amended complaint to add defendant Keery and to include a declaratory relief claim. On December 28, the case was removed to federal court, setting the stage for the instant motions to dismiss.

**ANALYSIS**

**1. LEGAL STANDARD.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level."

3

1   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).  Furthermore,

2   "[l]eave to amend need not be granted when an amendment would be futile." *In re Vantive Corp.*

3   *Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

4   Although materials outside of the pleadings should not be considered without converting

5   the motion to a motion for summary judgment, a district court may consider all materials

6   submitted as part of the complaint including exhibits and documents to which the complaint

7   specifically refers and whose authenticity is not questioned even if they are not physically

8   appended to the complaint.  *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555

9   n.19 (9th Cir. 1990).

10  This order involves a review of documents essential to the claims and specifically referred

11  to in the complaint.  This does not mean that all necessary documents are before the Court.

12  **2.    INDIVIDUAL DEFENDANTS.**

13  **A.    Defendant Hoult.**

14  Defendant Hoult moves to dismiss plaintiff's third, sixth, and seventh claim as against him.

15  The claims are addressed below.

16  *(1)    Third Claim: Breach of Fiduciary Duty
        And Duty of Loyalty.*

17

18  Defendant Hoult argues that plaintiff's third claim, breach of fiduciary duty and duty

    of loyalty, is preempted by plaintiff's fourth claim, violation of the California Uniform Trade

19  Secrets Act ("CUTSA"), because both claims are based on the same factual allegations.

20  The CUTSA "preempts common law claims that are based on the same nucleus of facts as the

21  misappropriation of trade secrets claim for relief."  *K.C. Multimedia, Inc. v. Bank of Am. Tech. &*

22  *Operations, Inc.*, 171 Cal. App. 4th 939, 958 (App. Ct. 2009) (internal quotations omitted).

23  Under California law, "the determination of whether a claim is based on trade-secret

24  misappropriation is largely factual."  *Id.* at 954.

25  Defendant Hoult argues that plaintiff's third claim is preempted by plaintiff's CUTSA

26  claim because both claims relate to defendant Hoult's alleged wrongful use of confidential,

27  proprietary, and trade-secret information.  Defendant Hoult is correct, but he fails to paint the

28  entire picture of plaintiff's allegations.  Plaintiff's third claim incorporates by reference paragraphs

4

1 through 28 of its complaint. Both parties agree that some of these incorporated paragraphs allege wrongful use of confidential, proprietary, and trade-secret information, as these paragraphs are the crux of plaintiff's CUTSA claim. Paragraph 18(i) of plaintiff's complaint, however, specifically alleges that defendant Hoult sold a substantial amount of plaintiff's common stock in private and open-market transactions, which caused a "precipitous and artificial decline" in the price of the stock. This paragraph also alleges that defendant Hoult transferred and or sold plaintiff's stock in an effort to "engender destabilization" of the company. As a mere example, these allegations are separate and distinct from the allegations relating to defendant Hoult's alleged wrongful use of confidential, proprietary, and trade-secret information. Instead of specifying which allegations are based on the same nucleus of facts as plaintiff's CUTSA claim, defendant Hoult simply highlights those allegations that allege wrongful use of confidential, proprietary, and trade-secret information and ignores the rest. This is misleading. The allegations that are incorporated by reference and relate to defendant Hoult's alleged wrongful use of confidential, proprietary, and trade-secret information are preempted by plaintiff's CUTSA claim. The allegations that are incorporated by reference and do not relate to defendant Hoult's alleged wrongful use of confidential, proprietary, and trade-secret information are not preempted by plaintiff's CUTSA claim.

In an attempt to cover his bases, defendant Hoult argues for the first time in his reply brief that plaintiff fails to state a claim for breach of fiduciary duty and duty of loyalty. Defendant Hoult's arguments are founded in part on a misreading of the complaint. Defendant Hoult mistakenly believes that plaintiff's claim is based on allegations that he "sold shares of [p]laintiff's stock with a motive to oust high-ranking executives of [p]laintiff and bolster his own purported competitive business" (Br. 3). This is incorrect. As mentioned above, plaintiff's third claim is based on allegations that defendant Hoult sold a substantial amount of plaintiff's common stock in private and open-market transactions, which caused a "precipitous and artificial decline" in the price of the stock. The claim is also based on allegations that defendant Hoult transferred and or sold plaintiff's stock in an effort to destabilize the company.

1    Due to his misreading, defendant Hoult's arguments are premised on the wrong facts and need not

2    be addressed.

3          Defendant Hoult also mistakenly believes that plaintiff's claim for breach of fiduciary duty

4    and duty of loyalty is based on allegations that in the fourth quarter of 2008 defendants Keery and

5    Hoult "improperly threatened to oust" plaintiff's board and CEO by "improperly" contacting

6    shareholders.  For the same reasons mentioned above, defendant Hoult is again incorrect.

7    These allegations relate to plaintiff's other claims, such as its breach-of-contract claim.  In light of

8    this, defendant Hoult's attack fails.

9          Accordingly, plaintiff's third claim with respect to the incorporated paragraphs of the claim

10   that relate to defendant Hoult's alleged wrongful use of confidential, proprietary, and trade-secret

11   information is **DISMISSED**.  Defendant Hoult's motion to dismiss plaintiff's third claim with

12   respect to the remaining incorporated paragraphs of the claim is **DENIED**.

13              *(2)     Sixth Claim: Violation of the California*
                         *Unfair Competition Law.*
14

15         For the same reasons mentioned above, defendant Hoult moves to dismiss plaintiff's

16   sixth claim, violation of California Unfair Competition Law, as against him.  Defendant Hoult

     correctly argues that plaintiff's sixth claim should be dismissed with respect to paragraphs 50,
17
     52, and 53 of the complaint because these paragraphs are based on the same nucleus of facts as
18
     plaintiff's CUTSA claim.  "A claim for common law or even statutory unfair competition may be
19
     preempted under [CUTSA] §3426.7 if it relies on the same facts as the misappropriation claim."
20
     *K.C. Multimedia, Inc.*, 171 Cal. App. 4th at 961.  Paragraphs 50, 52, and 53 of the complaint state,
21
     in relevant part, as follows:
22

23              50.     . . . Defendants were engaged in an unlawful scheme to
                        convert for their personal advantage proprietary rights
                        rightfully owned by Banks.com.
24

25                              *           *           *

26              52.     . . . Defendants have misappropriated for use in their business
                        valuable trade secrets and confidential and proprietary
                        information developed and possessed by Banks.com.
27

28              53.     . . . Defendants intentionally and wrongfully utilized
                        Banks.com's trade secrets, confidential and proprietary
                        information, trade dress and other converted property, and

> intentionally and wrongfully solicited and/or obtained
> information regarding Banks.com's customers and/or
> potential customers, for the purpose of gaining an unfair
> competitive advantage over Banks.com for the purpose of
> harming Banks.com's business while benefitting themselves.

As evident from the excerpted portions of the complaint, paragraphs 50, 52, and 53 heavily rely on the same nucleus of facts as plaintiff's trade-secrets claim.

It should be noted, however, that the remaining paragraphs of the sixth claim are factually separate from plaintiff's trade-secret claim. For example, paragraphs 51 and 54 allege that defendant Hoult's breaches of contracts, trade dress infringement, and attempts to artificially deflate plaintiff's stock price form part of the predicate acts of unfair competition. The motion challenging plaintiff's sixth claim is based solely on CUTSA's state law preemption. There is, therefore, no occasion to address whether the remainder of the sixth claim is valid, namely, the theory that section 17200 can be predicated upon the alleged violation of federal proxy rules, alleged failure to file proper forms with the Securities and Exchange Commission, and a securities scheme to destabilize the company through private and open-market transactions. The Court knows of no authority approving such a theory under section 17200. As stated, however, this issue is not before the Court, given the narrower grounds upon which the motion to dismiss was made.

Accordingly, plaintiff's sixth claim with respect to paragraphs 50, 52, and 53 of the complaint is **DISMISSED**. Defendant Hoult's motion to dismiss plaintiff's sixth claim with respect to the remaining paragraphs of the claim is **DENIED**.

### *(3) Seventh Claim: Declaratory Relief.*

Defendant Hoult correctly argues that plaintiff's seventh claim, declaratory relief, should be dismissed because plaintiff does not allege any facts as to him to form a plausible, legally-cognizable claim upon which relief may be granted. Plaintiff's seventh claim states, in relevant part, "[p]laintiff seeks a declaration from the Court of the rights and responsibilities between plaintiff and each of the defendants (including any and all later identified "DOE" defendants) regarding whether the legend on Keery's stock certificate regarding stock held in Banks.com should be removed" (Compl. ¶ 67). There is no other request for declaratory relief on any issue in the complaint. Since the only issue presented in plaintiff's declaratory relief claim

is "whether the legend on Keery's stock certificate regarding stock held in Banks.com should be removed" — relief that is only applicable to defendant Keery, the sole individual with a legal interest in and control over the stock certificates — plaintiff fails to plead a plausible, legally-cognizable claim for declaratory relief against defendant Hoult. *Twombly*, 550 U.S. at 545.

Plaintiff's response is nonsensical. It argues that a declaration of the parties' respective rights and obligations is in order because the complaint as a whole demonstrates that a controversy between the parties has arisen. This is incorrect because plaintiff's declaratory relief claim only seeks to resolve whether the legend on defendant Keery's stock may be removed. No other declaration of relief is requested, and plaintiff is not entitled to relief that it does not specifically request. Since no other defendant has a legal interest in or control of defendant Keery's stock certificates, leave to amend would be futile. Accordingly, plaintiff's seventh claim as against defendant Hoult is DISMISSED WITHOUT LEAVE TO AMEND.

### B.    Defendant Giessman.

Defendant Giessman moves to dismiss plaintiff's complaint as against him. The individual claims are addressed below.

#### (1)    *First, Second, and Third Claims:  Breach of Contract And Breach of Fiduciary Duty and Duty of Loyalty.*

Plaintiff voluntarily dismissed its first, second, and third claims as against defendant Giessman. Since defendant Giessman never entered into a contract with nor owed a duty to plaintiff, leave to amend would be futile. Accordingly, plaintiff's first, second, and third claims as against defendant Giessman are DISMISSED WITHOUT LEAVE TO AMEND.

#### (2)    *Fourth Claim:  Violation of the CUTSA.*

Defendant Giessman correctly asserts that plaintiff's fourth claim, violation of the CUTSA, fails to allege sufficient facts to state a legally-cognizable claim for relief. To state a CUTSA claim, plaintiff must allege that defendant Giessman "specifically authorized, directed or participated in the allegedly tortious conduct" or that although he "knew or reasonably should have known that some hazardous condition or activity under [his] control could injure plaintiff, [he] negligently failed to take or order appropriate action to avoid the harm." *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1380 (App. Ct. 2000) (quoting *Frances T. v. Village Green Owners Ass'n*,

42 Cal. 3d 490, 508–09 (1986)) (citations omitted).  Plaintiff must also "allege and prove that an ordinary prudent person, knowing what [defendant Giessman] knew at that time, would not have acted similarly under the circumstances." *Ibid*.  Furthermore, "[u]se of a trade secret without knowledge it was acquired by improper means does not subject a person to liability unless the person receives notice that its use of the information is wrongful." *Id*. at 1383.

Here, plaintiff fails to allege facts regarding defendant Giessman's knowledge, negligence, direction, authorization or participation in the alleged misappropriation.  Instead, plaintiff merely alleges that on February 11, 2009, the e-mail address in the registration for winestore.com was changed from houltr@gmail.com to dale@moxiesearch.com.  Without any additional factual allegations, plaintiff asserts that defendant Giessman was a facilitator, owner, or administrator of MoxieSearch.com and therefore, liable under the CUTSA.  Plaintiff merely states a legal conclusion.  At this point, plaintiff fails to state a claim for relief that is legally cognizable because it has not alleged facts in regards to defendant Giessman's personal involvement or negligence in the alleged misappropriation.  Accordingly, plaintiff's fourth claim as against defendant Giessman is **DISMISSED**.

### (3)    *Fifth Claim:  Trade Dress Infringement.*

Defendant Giessman correctly asserts that plaintiff's fifth claim, trade dress infringement, fails to allege sufficient facts to state a plausible, legally-cognizable claim for relief.  Under the Lanham Act, "a corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (internal quotations omitted).  As discussed above, plaintiff's factual allegations as to defendant Giessman are scarce.  Plaintiff fails to allege that defendant Giessman authorized, directed, or participated in the alleged trade dress infringement.  Plaintiff, with a very fine line, connects defendant Giessman to MoxieSearch.com and, without more, concludes that he is liable.   Accordingly, plaintiff's fifth claim as against defendant Giessman is **DISMISSED**.

### *(4)* *Sixth Claim: Violation of the California Unfair Competition Law.*

Defendant Giessman correctly asserts that plaintiff's sixth claim, violation of California Unfair Competition Law, fails to allege sufficient facts to state a plausible, legally-cognizable claim for relief. A claim under section 17200 cannot be predicated on vicarious liability. *Emery v. Visa Int'l Services Ass'n*, 95 Cal. App. 4th 952, 960 (App. Ct. 2002). "A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200." *Ibid.* (internal quotations omitted). Here, plaintiff fails to state how defendant Giessman personally participated and had "unbridled control" over the practices alleged to be in violation of section 17200. Accordingly, plaintiff's sixth claim as against Defendant Giessman is **DISMISSED**.

### *(5)* *Seventh Claim: Declaratory Relief.*

Plaintiff's seventh claim, declaratory relief, fails as against defendant Giessman for the same reasons discussed in the analysis of defendant Hoult's motion to dismiss. Since defendant Giessman does not have a legal interest in or control over defendant Keery's stock certificate, leave to amend would be futile. Accordingly, plaintiff's seventh claim as against defendant Giessman is **DISMISSED WITHOUT LEAVE TO AMEND**.

### C.    Defendant ProStreammedia.com, Inc.

On behalf of defendant ProStreammedia.com, Inc., defendant Keery moves to dismiss plaintiff's complaint. Defendant Keery correctly argues that plaintiff's complaint should be dismissed as against defendant ProStreammedia.com, Inc., because ProStreammedia.com, Inc., is merely a domain name and lacks the capacity to be sued. FRCP 17(b) provides that the capacity to be sued is determined by state law. Under California law, "a nonentity is incapable of suing or being sued," putting aside the exceptional case of in rem jurisdiction. *Oliver v. The Swiss Club Tell*, 222 Cal. App. 2d 528, 537 (App. Ct. 1963). (The record does not indicate nor does plaintiff argue that it sued in rem.) ProStreammedia.com, Inc., is not an entity (Keery Decl. ¶ 3). "Prostreammedia.com [sic] is a domain name only; it is not, and never has been, a corporation, a limited liability company, a partnership, or any other kind of legal entity" (*ibid.*). Accordingly, ProStreammedia.com, Inc., lacks the capacity to sue or be sued.

In an attempt to survive dismissal, plaintiff for the first time argues in its opposition that defendant ProStreammedia.com, Inc., is an unincorporated association. An unincorporated association, "whether organized for profit or not, may sue and be sued in the name it has assumed or by which it is known." Cal. Civ. Proc. Code § 369.5. To qualify as an unincorporated association, there must be "(1) a group whose members share a common purpose, and (2) who function under a common name under circumstances where fairness requires the group be recognized as a legal entity." *People ex rel Totten (Totten v. Chiques)*, 156 Cal. App. 4th 31, 38–39 (App. Ct. 2007). Labor unions, political parties, social clubs, religious organizations, environmental societies, athletic organizations, condominium owners, lodges, gangs, stock exchanges, and veterans are types of unincorporated associations. *Ibid.*; *Barr v. United Methodist Church*, 90 Cal. App. 3d 259, 266 (App. Ct. 1979).

Here, despite failing to allege in its complaint that defendant ProStreammedia.com, Inc., is an unincorporated association, plaintiff fails to satisfy California's two-prong test. *First*, plaintiff does not identify the members of defendant ProStreammedia.com, Inc., and fails to pinpoint the common purpose of the members. The complaint does not allege that anyone has joined together under the common name "ProStreammedia.com, Inc.," and does not specify the common purpose of the members. *Second*, plaintiff fails to explain why fairness requires defendant ProStreammedia.com, Inc., to be recognized as a legal entity, especially, in light of the fact that plaintiff may sue and already has sued individuals who are allegedly responsible for ProStreammedia.com. The complaint does not allege that defendant ProStreammedia.com, Inc., engaged in any specific conduct, entered into any contract with plaintiff, or incurred any legal obligations with respect to plaintiff.

In desperation, plaintiff argues that defendant Keery conceded that "while [ProStreammedia.com] may not be organized as some kind of a formal entity, it nevertheless organized sufficiently enough that it could fall within the ambit of section 369.5 of the California Code of Civil Procedure" (Br. 11). Plaintiff also argues that defendant Keery conceded to doing business as ProStreammedia.com (*ibid.*). These statements are not true. In his declaration, defendant Keery never stated or even suggested that ProStreammedia.com falls within the ambit of

section 369.5.  In fact, Defendant Keery in his declaration stated, "I have never incorporated Prostreammedia.com, I have never attempted to organize or create a legal entity by that name of any sort, and no one has done so on my behalf or at my direction.  To my knowledge no such entity exists or has ever existed" (Keery Decl. ¶ 3).  Defendant Keery also never conceded to doing business as ProStreammedia.com.  Though defendant Keery admits that he added the legend "Copyright (c) 2009 ProStreamMedia.com, Inc.  All rights reserved.  ProStreamMedia.com and logo are trademarks of ProStreamMedia.com, Inc.," to the bottom of the website (*id.* ¶ 4), he explains, "I did this with the anticipation that at some later point in time such an entity might exist and conduct business through that website" (*ibid.*).  Defendant Keery's declaration in no way conceded that defendant ProStreammedia.com, Inc., is or was an unincorporated association.

Accordingly, plaintiff's complaint as to defendant ProStreammedia.com, Inc., is **DISMISSED**.

### D.     Defendant MoxieSearch.com.

On behalf of defendant MoxieSearch.com, defendant Hoult moves to dismiss plaintiff's complaint as against defendant MoxieSearch.com.  Defendant Hoult correctly argues that plaintiff's complaint should be dismissed because defendant MoxieSearch.com is a domain name (Hoult Decl. ¶ 2) and lacks the capacity to be sued.  Furthermore, MoxieSearch.com has been disabled, and it is no longer active (*ibid.*).  Plaintiff presents the same unconvincing arguments it provided in response to defendant ProStreammedia.com, Inc.'s motion to dismiss.   Plaintiff's complaint is just as factually insufficient as to MoxieSearch.com as it is to ProStreammedia.com, Inc.  Accordingly, plaintiff's complaint as to defendant MoxieSearch.com is **DISMISSED**.

### E.     Defendant Keery.

Originally, the motions to dismiss included a request by Defendant Keery to dismiss certain claims, but all parties now agree that that part of the motion is moot and should be denied as such.  Accordingly, Defendant Keery's motion is **DENIED**.

### CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are hereby **GRANTED IN PART AND DENIED IN PART**.  Within **FOURTEEN CALENDAR DAYS**, plaintiff may file a motion on a

normal 35-day track seeking to cure the foregoing deficiencies (except as to claims dismissed without leave to amend) and appending to the motion a proposed amended complaint. The motion should explain why each new claim overcomes the deficiencies. Leave to amend is otherwise denied.

**IT IS SO ORDERED.**

Dated: March 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE