IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BANKS.COM, INC.,

    Plaintiff,

v.

ANDREW KEERY, an individual, ROBERT HOULT, an individual, DALE GIESSMAN, an individual, MOXIESEARCH.COM, an entity form unknown, PROSTREAMMEDIA.COM, INC., an entity form unknown, and DOES 1 through 50, inclusive,

    Defendants.

No. C 09-06039 WHA

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANT'S MOTION TO STAY DISCOVERY AND VACATING HEARING**

**INTRODUCTION**

Following an order of partial dismissal, plaintiff Banks.com, Inc. filed this motion for leave to amend its complaint. The dismissal order gave leave to seek to amend and stated that plaintiff's proposed second amended complaint should provide additional factual support for its claims for violation of the California Uniform Trade Secrets Act and trade dress infringement. The dismissal order also stated that the proposed amended complaint should clarify how defendants ProStreamMedia.com, Inc. and Moxiesearch.com are legal entities capable of being sued. The order also dismissed all claims against defendant Giessman, and defendant Giessman now moves to stay discovery as against him. Plaintiff's proposed amended complaint reasserts its claims for violation of the California Uniform Trade Secrets Act and trade dress infringement,

renames ProStreamMedia.com and Moxiesearch.com as defendants, and adds Remajo, LLC, as a defendant. For the reasons stated below, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Defendant Giessman's motion to stay discovery is **DENIED**.

**STATEMENT**

The proposed second amended complaint alleges the following facts which are accepted as true for the purposes of this order.

Plaintiff is in the business of internet media and advertising. Subsequent to a merger, Andrew Keery and defendant Robert Hoult were employed as corporate officers by plaintiff. In conjunction with their employment, Keery and defendant Hoult each signed an employment agreement, a noncompete agreement, and an invention assignment agreement. The agreements obligated Keery and defendant Hoult to keep plaintiff's confidential, proprietary, and trade-secret information confidential, to refrain from using such information in competition with plaintiff, and to avoid conflicts of interest.

The heart of plaintiff's complaint relates to a series of events allegedly carried out by Keery and defendant Hoult before and after their employment. Defendant Dale Giessman allegedly participated in this series of events via a business partnership with Keery and defendant Hoult. The events alleged are as follows.

In January 2008, Moxiesearch.com, "a partnership, and/or an unincorporated business website and/or association" established by Keery, defendant Hoult, and defendant Giessman (Compl. ¶ 4), became active under a contract with an internet-advertising provider used by plaintiff. The contract was allegedly negotiated through defendant Remajo, LLC, a business established by Keery, defendant Hoult, and defendant Giessman. Keery, defendant Hoult, and defendant Giessman were allegedly investors, partners, and/or business associates of Moxiesearch.com.

According to the complaint, Keery, defendant Hoult, and defendant Giessman established Moxiesearch.com as a vehicle for misappropriating plaintiff's trade secrets by using information improperly taken by Keery and defendant Hoult during and after the time they were employed by plaintiff. Moxiesearch.com allegedly competed with plaintiff's business because it used

2

1 plaintiff's trade secrets to operate an internet-advertising business. The organization,
2 construction, and appearance of Moxiesearch.com was allegedly very similar to a number of
3 plaintiff's websites. More specifically, the terms of service, landing pages, privacy policies,
4 images, layout, positioning of icons, and functionality of Moxiesearch.com were "identical" to
5 plaintiff's websites (Compl. ¶ 16).

6 The complaint also alleges that on February 9, 2009, Keery registered the domain name
7 ProStreamMedia.com. ProStreamMedia.com was "a partnership, and/or unincorporated business
8 website and/or association" established by Keery, defendant Hoult, and defendant Giessman
9 (Compl. ¶ 5). Defendant Giessman allegedly registered ProStreamMeadia.com in the county
10 recorder's office as a business that "commenced to transact business" on April 9, 2009.
11 The complaint further alleges that Keery, defendant Hoult, and defendant Giessman established
12 ProStreamMedia.com as a vehicle for misappropriating plaintiff's trade secrets by using
13 information improperly taken by Keery and defendant Hoult during and after the time they were
14 employed by plaintiff. ProStreamMedia.com allegedly approached and solicited plaintiff's
15 business partners and presented them with solutions to feeds that were very similar to plaintiff's
16 solutions to feeds. ProStreamMedia.com also allegedly solicited business in internet marketing
17 and advertising by offering high yields.

18 The first amended complaint asserted the following claims against defendants Hoult,
19 Giessman, Moxiesearch.com, and ProStreamMedia.com: (1) breach of contract; (2) breach of
20 fiduciary duty and duty of loyalty; (3) violation of the California Uniform Trade Secrets Act
21 ("CUTSA"); (4) trade dress infringement; (5) violation of the California Unfair Competition
22 Law; and (6) declaratory relief. All defendants moved to dismiss the complaint on various
23 grounds. The motions to dismiss were granted in part and denied in part, and the order directed
24 plaintiff to seek leave to amend within fourteen calendar days (Dkt. No. 37). All claims against
25 defendant Giessman were dismissed, and he filed the instant motion to stay discovery.
26 Plaintiff timely filed the instant motion for leave to amend. As is relevant to plaintiff's motion,
27 the proposed amended complaint asserts a claim for violation of the CUTSA against defendants
28

3

Giessman, Moxiesearch.com, ProStreamMedia.com, and Remajo, LLC, and trade dress infringement against defendants Hoult, Moxiesearch.com, and Remajo, LLC.

**ANALYSIS**

**1.   LEGAL STANDARD.**

Leave to amend a complaint should be freely given when justice so requires under FRCP 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The principal limiting factor to the liberal amendment standard is that "[l]eave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

At this stage of the litigation, prior to any discovery, an amendment is not futile so long as the proposed amended complaint states a claim that would survive a motion to dismiss. A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

**2.   INDIVIDUAL DEFENDANTS.**

   **A.   Defendant Giessman.**

Plaintiff's proposed amended complaint reasserts claims for violation of the CUTSA and trade dress infringement against defendant Giessman. These claims are addressed below along with defendant Giessman's motion to stay discovery.

4

### *(1) Fourth Claim: Violation of the CUTSA.*

Defendant Giessman argues that plaintiff's fourth claim for violation of the CUTSA fails to allege sufficient facts to state a legally cognizable claim for relief. To state a CUTSA claim, plaintiff must allege that defendant Giessman "specifically authorized, directed or participated in the allegedly tortious conduct" or that although he "knew or reasonably should have known that some hazardous condition or activity under [his] control could injure plaintiff, [he] negligently failed to take or order appropriate action to avoid the harm." *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1380 (App. Ct. 2000) (quoting *Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 508–09 (1986)) (citations omitted). Furthermore, "[u]se of a trade secret without knowledge it was acquired by improper means does not subject a person to liability unless the person receives notice that its use of the information is wrongful." *Id.* at 1383.

Plaintiff's proposed amended complaint alleges sufficient facts to state a claim for violation of the CUTSA as against defendant Giessman. The complaint alleges that defendant Giessman was "an owner, investor, partner, officer, agent and/or employee" of Moxiesearch.com, and in that capacity, defendant Giessman "facilitated and joined in other [d]efendants' improper activities," including using plaintiff's trade secrets to operate Moxiesearch.com, an internet-advertising business that directly competed with plaintiff (Compl. ¶ 3). Defendant Giessman also registered ProStreamMedia.com in the county recorder's office and represented it as a business that he owned and allegedly "actively directed" (Compl. ¶ 5). The complaint alleges that "as an active partner and/or business associate of Keery and [defendant] Hoult, [defendant] Giessman [had] full knowledge (or reasonably should have [had] knowledge) of the representations made about and on behalf of Moxiesearch.com [and ProStreamMedia.com] and of the improper activities" of Keery and the other defendants (Compl. ¶¶ 4, 5). Defendant Giessman allegedly did nothing to avoid the harm (*ibid.*). Given these allegations, the proposed amended complaint states a claim against defendant Giessman because the allegations suggest that defendant Giessman knew or reasonably should have known about some activity under his control that could injure plaintiff and that he failed to take action to

5

avoid the harm.  Accordingly, plaintiff's motion for leave to amend as to its fourth claim as against defendant Giessman is **GRANTED**.

### *(2)    Fifth Claim: Trade Dress Infringement.*

Defendant Giessman argues that plaintiff's fifth claim for trade dress infringement fails to allege sufficient facts to state a legally cognizable claim for relief.  Under the Lanham Act, "a corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (internal quotations omitted).  As explained above, plaintiff's proposed amended complaint alleges that defendant Giessman was "an owner, investor, partner, officer, agent and/or employee" of Moxiesearch.com, and in that capacity, defendant Giessman "facilitated and joined in other [d]efendants' improper activities," including using plaintiff's trade secrets to operate Moxiesearch.com, an internet-advertising business that directly competed with plaintiff (Compl. ¶ 3).  The complaint also alleges that defendant Giessman "directly participated and authorized the establishment, development, and business transactions of Moxiesearch.com" and established Moxiesearch.com as a "vehicle" for improper activities, including trade dress infringement (Compl. ¶ 4).  Plaintiff states a claim for relief because the allegations suggest that defendant Giessman authorized, directed or participated in the alleged trade dress infringement of Moxiesearch.com.  Accordingly, plaintiff's motion for leave to amend as to its fifth claim as against defendant Giessman is **GRANTED**.

Given that plaintiff's proposed amended complaint states two claims against defendant Giessman, defendant Giessman's motion to stay discovery is **DENIED**.

### B.    Defendant Moxiesearch.com.

Plaintiff's proposed amended complaint reasserts claims for violation of the CUTSA and trade dress infringement against defendant Moxiesearch.com.  On behalf of Moxiesearch.com, defendant Hoult argues that plaintiff's proposed amended complaint fails to allege sufficient facts to state a claim against Moxiesearch.com because Moxiesearch.com was merely a domain name and lacks the capacity to be sued.  FRCP 17(b) provides that the capacity to be sued is

determined by state law. "In general, any person or entity has capacity to sue or defend a civil action in the California courts. This includes artificial "persons" such as corporations, partnerships and associations. A partnership or other unincorporated association has capacity both to sue and be sued in the name it has assumed or by which it is known." *Am. Alternative Energy Partners II, 1985 v. Windridge, Inc.*, 42 Cal. App. 4th 551, 559 (1996) (citations omitted).

This order recognizes that a website, in and of itself, is not an entity capable of being sued. This is not the case alleged here by plaintiff. The proposed amended complaint alleges that Moxiesearch.com was "a partnership, and/or an unincorporated business website and/or association" established by Keery, defendant Hoult, and defendant Giessman and "[conducted] business in internet marketing and advertising" that competed with plaintiff (Compl. ¶ 4). Plaintiff also alleges that Keery, defendant Hoult, and defendant Giessman were "investors, partners, and/or business associates in charge of Moxiesearch.com" and that they "directly participated and authorized the establishment, development, and business transactions of Moxiesearch.com" (*ibid.*). Additionally, plaintiff alleges that Keery, defendant Hoult, and defendant Giessman "collectively established Moxiesearch.com as a vehicle for their improper activities," including misappropriating plaintiff's trade secrets through Moxiesearch.com by using information improperly taken by Keery and defendant Hoult during and after the time they were employed by plaintiff (*ibid.*). As a result, the organization, construction, and appearance of Moxiesearch.com was allegedly very similar to a number of plaintiff's websites (Compl. ¶ 16).

In due course, the true legal relationship of Keery, defendant Hoult, defendant Giessman, and Moxiesearch.com will become clear. In the meantime, however, the proposed amended complaint alleges that Moxiesearch.com was a partnership and/or an unincorporated association and provides facts supporting this allegation. Given the new allegations, it follows that Moxiesearch.com has the capacity to be sued and is a proper defendant in this action at this time. At the pleading stage, plaintiff does not need to prove the veracity of every allegation in its

7

complaint. Accordingly, without prejudice to a motion for summary judgment on this point, plaintiff's motion for leave to amend as against defendant Moxiesearch.com is **GRANTED**.

### C. Defendant ProStreamMedia.com.

Plaintiff's proposed amended complaint reasserts a claim for violation of the CUTSA against defendant ProStreamMedia.com. On behalf of ProStreamMedia.com, defendant Giessman argues that plaintiff's proposed amended complaint fails to allege sufficient facts to state a claim against ProStreamMedia.com because ProStreamMedia.com was merely a domain name and lacks the capacity to be sued. Again, a website, in and of itself, is not a legal entity capable of being sued. The proposed amended complaint, however, alleges that ProStreamMedia.com was more than just a website. The proposed amended complaint alleges that ProStreamMedia.com was "a partnership, and/or an unincorporated business website and/or association" established by Keery, defendant Hoult, and defendant Giessman (Compl. ¶ 5). Plaintiff alleges that ProStreamMedia.com "[conducted] business in internet marketing and advertising" that directly competed with plaintiff, approached plaintiff's business partners with solutions to feeds similar to plaintiff's solutions to feeds, and solicited business in internet marketing and advertising by offering "high yield monetization for publishers" (*ibid.*). Furthermore, plaintiff alleges that Keery, defendant Hoult, and defendant Giessman "collectively established ProStreamMedia.com as a vehicle for their improper activities," including misappropriating plaintiff's trade secrets through ProStreamMedia.com by using information improperly taken by Keery and defendant Hoult during and after the time they were employed by plaintiff (*ibid.*).

As with Moxiesearch.com, the true legal relationship of Keery, defendant Hoult, defendant Giessman, and ProStreamMedia.com will become clear as this case progresses. In the meantime, however, the proposed amended complaint alleges that ProStreamMedia.com was a partnership and/or an unincorporated association and provides facts supporting this allegation. Given the new allegations, it follows that ProStreamMedia.com has the capacity to be sued and is a proper defendant in this action at this time. At the pleading stage, plaintiff does not need to prove the veracity of every allegation in its complaint. Accordingly, without prejudice to a

8

motion for summary judgment on this point, plaintiff's motion for leave to amend as against defendant ProStreamMedia.com is **GRANTED**.

### D. Defendant Remajo, LLC.

Plaintiff's proposed amended complaint asserts claims for violation of the CUTSA and trade dress infringement against defendant Remajo, LLC. On behalf of Remajo, LLC, defendants Hoult and Giessman argue that plaintiff's proposed amended complaint fails to allege sufficient facts to state a claim against Remajo, LLC. The proposed amended complaint alleges that Remajo, LLC, was an entity formed by Keery, defendant Hoult, and/or defendant Giessman and that it contracted with an internet-advertising provider on behalf of Moxiesearch.com. These allegations alone do not suffice to state a claim for either a violation of the CUTSA or trade dress infringement. Being a limited liability company and signing a contract hardly suggest that Remajo, LLC, should be liable for either of the claims alleged against it. Furthermore, the dismissal order directed plaintiff to seek leave to amend to cure the deficiencies of its first amended complaint. Remajo, LLC, was not a named defendant in plaintiff's first amended complaint, and pursuant to the case management scheduling order, the time to seek leave to add any new parties has passed. Accordingly, plaintiff's motion for leave to amend as against defendant Remajo, LLC, is **DENIED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiff must file its amended complaint by **NOON ON FRIDAY, APRIL 30, 2010**. Defendants must answer by **NOON ON FRIDAY, MAY 21, 2010**. Defendant Giessman's motion to stay discovery is **DENIED**. The hearing on Thursday, April 29, 2010, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9